UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :    11 Cr. 0074 (DLC)
         -v-                            :
                                        :    MEMORANDUM OPINION
AN SOON KIM, aka "Big Sister Kim," aka  :    & ORDER
"Nuna,"                                 :
                                        :
         Defendant.                     :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

  On May 24, 2013, the Court received a submission from defendant An Soon Kim ("Kim") in which she requests a four level reduction to her sentence pursuant to § 5K3.1 of the United States Sentencing Guidelines. Kim's request is denied. Kim will be given an opportunity to decide whether she wishes to have her request recharacterized as a habeas petition brought pursuant to 28 U.S.C. § 2255.

Background

  Kim was charged in a two count Indictment filed against her on January 24, 2011. A superseding Indictment filed on May 19 charged Kim with (1) conspiring to transport individuals in interstate commerce with the intent that the individuals would engage in prostitution and to persuade, induce or entice individuals to so travel for that purpose, in violation of 18

U.S.C. § 371; and (2) knowingly aiding and abetting the transportation of an individual in interstate commerce with that intent, in violation of 18 U.S.C. §§ 2421 and 2. Kim's trial began on June 20 and concluded with a jury verdict finding Kim guilty on both counts. On July 6, Kim filed a motion for a judgment of acquittal on the basis of insufficiency of the evidence pursuant to Federal Rule of Criminal Procedure 29(c). The motion was denied on July 25 and Kim was subsequently sentenced to 41 months' imprisonment on each count to run concurrently. Kim appealed her conviction on October 26, 2011 and her conviction was affirmed by the Court of Appeals for the Second Circuit on June 18, 2012. United States v. An Soon Kim, 471 Fed.App'x 82 (2d Cir. 2012).

Characterizing the Petition

To the extent Kim seeks to challenge the imposition of her federal sentence, such a challenge can be made only in a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a federal sentence. See Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244, 2255, generally limits federal prisoners to a single § 2255 motion. Second or successive § 2255 motions may only be filed in the Court of

Appeals and are subject to stricter scrutiny.[1]  See 28 U.S.C. §§ 2244(b)(3), 2255(h).

Accordingly,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam).  Thus,

> the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

Castro v. United States, 540 U.S. 375, 383 (2003).

---

[1] A second or successive § 2255 motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain -- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

3

Statute of Limitations Under 28 U.S.C. § 2255

AEDPA provides for a one-year period of limitations for a federal inmate to file a habeas petition under 28 U.S.C. § 2255. The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A conviction becomes final for AEDPA purposes "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522 (2003). A petition for writ of

4

certiorari to the Supreme Court must be filed within ninety days after the entry of judgment by the Court of Appeals. See S.Ct.R. 13(1). The ninety-day period for filing the petition runs "from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." S.Ct.R. 13(3). Under this rule, Kim's conviction became final on August 20, 2012, meaning that Kim has until August 20, 2013 to file a petition pursuant to § 2255. Accordingly, if Kim's request were characterized as a habeas petition, it would be timely. As explained below, however, Kim is not entitled to the downward departure she seeks.

Motion for Sentence Reduction Pursuant to Section 5K3.1

To the extent that Kim's submission purports to be a motion brought pursuant to Section 5K3.1 of the United States Sentencing Guidelines, Kim's request is denied because Kim is not entitled to the four-level sentencing reduction she requests. Section 5K3.1 permits a court, <u>upon motion of the Government</u>, to depart downward not more than four levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides. 18 U.S.C. § 5K3.1. The early disposition -- or Fast Track -- program, which was adopted nationally as of March 2012, is

5

available only to defendants who have been charged solely with illegal reentry under 8 U.S.C. § 1326. See United States Attorney's Office, Southern District of New York, Fast-Track Policy for Felony Illegal Reentry Offenses (March 5, 2012). In addition, to be eligible for the 5K3.1 reduction, the defendant must enter into a written plea agreement with the Government within thirty days of the defendant's presentment or arraignment. In the agreement the defendant must, among other things, waive the right to appeal, to collaterally attack her conviction pursuant to Title 28, United States Code, Section 2255 and/or Section 2241, and to seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c).

Section 5K3.1 provides no basis to reduce Kim's sentence for at least four reasons. First, as the provision expressly states, Section 5K3.1 permits a court to depart downwards from the otherwise applicable guidelines sentence upon motion of the Government -- not upon motion of the defendant. Second, the Fast Track program was not adopted in this district until March of 2012 -- five months after Kim was sentenced. The adoption was the result of a January 2012 Memorandum issued by the Department of Justice ("DOJ"). See Memorandum of James M. Cole, Deputy Attorney General, to all United States Attorneys (Jan. 31, 2012), available at: http://www.justice.gov/dag/fast-track-program.pdf ("Cole Memorandum"). There is no right to the

6

retroactive application of the DOJ's memorandum, which expressly states that it "provides only internal Department of Justice Guidance" and "may not be relied upon to create any rights." Cole Memorandum at 1; see also United States v. Garcia-Ugarte, 688 F.3d 314, 317 n.1 (7th Cir. 2012). Third, Kim was not charged with illegal reentry but with conspiring to transport individuals and in fact transporting one individual in interstate commerce for the purpose of prostitution. Fourth, Kim did not enter into a plea agreement with the Government. Instead she proceeded to trial, was convicted on both counts, challenged her convictions on appeal, and had her convictions affirmed by the Second Circuit. Thus, even if the Fast Track program had existed at the time she was charged, Kim would not have been eligible to participate in it. Accordingly, it is hereby

ORDERED that, to the extent Kim wishes to challenge her conviction, including the imposition of her sentence, she must submit an amended petition to vacate, set aside or correct a sentence under § 2255 to the Court's Pro Se Office in which she specifies her intent to challenge her conviction, lists all the grounds for such a challenge under federal law, and includes facts supporting each ground. Kim is advised that any amended petition submitted shall completely replace, not supplement, her original petition. Therefore, any claim from the original

7

petition that she wishes to preserve must be included in her amended petition.

IT IS FURTHER ORDERED that, if Kim does not wish to have this action recharacterized as one brought under § 2255, she may submit by **July 15, 2013**, a request in writing, to the Court's Pro Se Office, to have this action withdrawn.

IT IS FURTHER ORDERED that, if Kim fails to comply with this Order within the time allowed, or fails to show good cause as to why she cannot comply with this Order within the time allowed, this action will be dismissed without prejudice.

IT IS FURTHER ORDERED that, as Kim has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255 (2d Cir. 1997). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

Dated: New York, New York
June 10, 2013

*(signature)*
DENISE COTE
United States District Judge

COPIES MAILED TO:

An Soon Kim
64513-054
FCI Danbury
Federal Correctional Institution
Route 37
Danbury, CT 06811